IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| United States of America ) | |
| ) | Cr. No. 6:10-54-HMH |
| vs. ) | |
| ) | **OPINION & ORDER** |
| Gerson Guzman Martinez-Turcio ) | |
| a/k/a Jerson Martinez, ) | |
| ) | |
| Movant. ) | |

This matter is before the court on Gerson Guzman Martinez-Turcio's ("Martinez-Turcio") motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. After a thorough review of the facts and pertinent law, the court grants the Government's motion for summary judgment and dismisses Martinez-Turcio's § 2255 motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On July 24, 2010, a jury found Martinez-Turcio guilty of one count of conspiracy to possess with intent to distribute 1,000 kilograms or more of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A); and one count of possession with intent to distribute a quantity of marijuana and aiding and abetting the distribution of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D) and 18 U.S.C. § 2. On September 10, 2010, Martinez-Turcio was sentenced to 168 months' imprisonment. Martinez-Turcio appealed his conviction and sentence. On September 17, 2012, the United States Court of Appeals for the Fourth Circuit affirmed Martinez-Turcio's conviction and sentence. See United States v. Martinez-Turcio, No. 10-5106, 2012 WL 4054875, at **2, 9 (4th Cir. Sept. 17, 2012) (unpublished).

Martinez-Turcio filed the instant § 2255 motion on April 24, 2013, raising various direct challenges to his conviction and sentence and ineffective assistance of counsel claims.[1] On June 3, 2013, the court ordered the Government to respond to Martinez-Turcio's § 2255 motion. The Government responded on June 17, 2013, and moved for summary judgment. (Gov't Resp. Opp'n § 2255 Mot. 9, ECF Nos. 560, 561.) The court issued a Roseboro order on June 19, 2013, informing Martinez-Turcio that he had thirty-four (34) days to respond to the Government's motion for summary judgment. On July 23, 2013, Martinez-Turcio filed a motion for a 60-day extension of time to respond to the Government's motion. On August 1, 2013, the court granted in part and denied in part Martinez-Turcio's request, affording a 15-day extension of time to file a response in opposition to the Government's motion for summary judgment. To date, no response has been filed by Martinez-Turcio. This matter is now ripe for consideration.

## II. Discussion of the Law

### A. Direct Claims

Martinez-Turcio raises a number of claims in his § 2255 motion. (Martinez-Turcio § 2255 Mot. 13-21, ECF No. 525.) As an initial matter, Martinez-Turcio's claims regarding the court's decision to admit certain evidence, the Fourth Circuit's legal interpretation of constructive possession, and the Government's use of a Global Positioning System ("GPS") tracking system are waived because he failed to raise them on direct appeal.[2] (Id. at 13, 18, 19.)

---

[1] See Houston v. Lack, 487 U.S. 266 (1988).

[2] The only argument Martinez-Turcio raised on direct appeal was whether the court "erred in denying his motion for judgment of acquittal as to both of the counts against him." Martinez-Turcio, 2012 WL 4054875, at *2.

"Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998) (citation and internal quotation marks omitted). Generally, "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." Massaro v. United States, 538 U.S. 500, 504 (2003). Martinez-Turcio "must show both (1) 'cause' excusing his . . . procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 168 (1982). Martinez-Turcio has failed to show cause or actual prejudice. Therefore, these claims fail.

### B. Ineffective Assistance of Counsel

Martinez-Turcio additionally makes several ineffective assistance of counsel claims in his § 2255 motion, which the court addresses individually below. In order to successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Martinez-Turcio must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by his counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. With respect to the second prong, Martinez-Turcio must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

#### 1. The Court's Alleged Constructive Amendment to the Indictment

Martinez-Turcio argues that his trial counsel "failed to object to the [court's] constructive amendment of the indictment[,] [i]n particular, the shifting [of] the conjunctive

indictment language to the disjunctive [language of the] jury instruction." (Martinez-Turcio Mem. Supp. § 2255 Mot. 13, ECF No. 525.) Martinez-Turcio further argues that if he "had known that the [jury] instructions were going to be disjunctive . . . there is a reasonable probability that he would have plead [sic] guilty." (Id.)

Count 3 of Martinez-Turcio's indictment stated

> [t]hat on or about December 7, 2009, in the District of South Carolina, . . . GERSON GUZMAN MARTINEZ-TURCIO, a/k/a Jerson Martinez, . . . knowingly, intentionally and unlawfully did possess with intent to distribute a quantity of marijuana, a Schedule I controlled substance, and did aid and abet [other defendants] in the commission of the aforesaid offense;
> In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D), and Title 18, United States Code, Section 2.

(Martinez-Turcio Indictment 3, ECF No. 163.) The court instructed the jury that "a defendant may be found guilty under count three if the government proves beyond a reasonable doubt that he – that the defendant possessed with intent to distribute marijuana or aided and abetted such possession with intent to distribute." (Trial Tr. 605, ECF No. 319.)

On appeal, Martinez-Turcio's co-defendant, Victor Barahona, raised the same claim alleging the constructive amendment of the indictment. The Fourth Circuit held that "in this circumstance, 'an indictment may be phrased in the conjunctive when the . . . jury instructions are phrased in the disjunctive, without creating a constructive amendment of the indictment.'" Martinez-Turcio, 2012 WL 4054875, at *5 (quoting United States v. Farish, 535 F.3d 815, 823 (8th Cir. 2008)). Further, in Martinez-Turcio, the Fourth Circuit cited United States v. Wills, 346 F.3d 476, 495 (4th Cir. 2003), for the proposition that "aiding and abetting is not an essential element of an offense and need not even be charged in an indictment." Id.. Based on

4

the foregoing, this claim is without merit because there was no basis for Martinez-Turcio's counsel to object.

### 2. Opportunity to Plead Guilty

Martinez-Turcio next argues that his "counsel was ineffective for failing to understand the law" pertaining to his ability to plead guilty to the drug charges and proceed to trial on his firearm possession charge. (Martinez-Turcio Mem. Supp. § 2255 Mot. 14, ECF No. 525.) A defendant has a constitutional right to plead guilty to the charges brought against him. By pleading guilty, "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense, [the sentencing court may] decrease [his] offense level by 2 levels." U.S.S.G. § 3E1.1(a). Further, a defendant can receive a two-point reduction for acceptance of responsibility for pleading guilty to one of his charges, while proceeding to trial on a separate charge, if the two charges are not grouped together for guidelines purposes. United States v. Hargrove, 478 F.3d 195, 200-01 (4th Cir. 2007).

Martinez-Turcio contends that he would have received credit for acceptance of responsibility had he known that he could have pled to the drug charges and proceeded to trial only on the firearms possession charge. (Martinez-Turcio Mem. Supp. § 2255 Mot. 14, ECF No. 525.) Martinez-Turcio's counsel, however, vehemently contests this allegation, and claims that she "did not advise Mr. Martinez-Turcio that he could not enter a guilty plea to some or all of the charges against him nor did [she] prohibit him from proceeding forward in that manner." (Gov't Resp. Ex. 1 (Salvini Aff. ¶ 10), ECF No. 560-1.) Moreover, Martinez-Turcio and the co-defendants that proceeded to trial were present in the courtroom when co-defendants Melvin Cruz and Carlos Cruz-Martinez pled guilty only to the drug charges and not the firearm

possession charges. (Id. Ex. 2 (Gibson Aff. ¶ 3), ECF No. 560-2; Id. Ex. 3 (Chamberlain Aff. ¶ 1), ECF No. 560-3.) Thus, Martinez-Turcio was aware that he could plead guilty to only the drug charges pending against him and proceed to trial on the firearm charge.

Further, even if Martinez-Turcio had pled guilty, "[a] defendant who enters a guilty plea is not entitled to a downward adjustment . . . as a matter of right." U.S.S.G. § 3E1.1 cmt. n.3. A sentencing court should only grant a downward adjustment "if, based on all relevant § 3E1.1 considerations–e.g., a defendant's acceptance of responsibility for relevant conduct, the timeliness of his plea to the guidelines offenses, his voluntary termination or withdrawal from criminal conduct, his assistance to authorities–the defendant exhibits sufficient acceptance of responsibility." Hargrove, 478 F.3d at 204-05. Although Martinez-Turcio alleges that he "would have pled guilty to the drug charges" and proceeded "to trial on the gun charges," he does not specify whether he actually would have accepted responsibility for his involvement in the conspiracy or merely his unlawful possession of marijuana charge. (Martinez-Turcio Mem. Supp. § 2255 Mot. 14, ECF No. 525.) In fact, Martinez-Turcio denies any association with the conspiracy throughout his § 2255 motion. (Id. at 13, 15-16, 19-21.) Moreover, at sentencing, the court found by a preponderance of the evidence that Martinez-Turcio was in possession of a firearm and added a two-level sentencing enhancement. (Sentencing Tr. 17-18, ECF No. 297; PSR ¶ 58.) Martinez-Turcio continues to deny he was ever in possession of a firearm in his § 2255 motion. (Martinez-Turcio Mem. Supp. § 2255 Mot. 14-15, ECF No. 525.) Based on the foregoing, Martinez-Turcio fails to demonstrate that his counsel's performance was unreasonable or showed prejudice.

### 3. Constructive Possession of a Firearm

Martinez-Turcio further argues that his counsel was ineffective for failing to object to the sentencing enhancement for possession of a firearm. (Martinez-Turcio Mem. Supp. § 2255 Mot. 15, ECF No. 525.) Specifically, Martinez-Turcio contends that he did not possess a firearm, and therefore he should not have received a two-point enhancement to his base offense level for possession of a firearm. (PSR ¶ 34.)

"[I]t is well-settled that a sentencing judge may, indeed frequently must, make findings of fact in order to appropriately calculate the advisory guideline range, and may do so as long as such findings are supported by a preponderance of the evidence." United States v. Harvey, 532 F.3d 326, 337 (4th Cir. 2008). The Fourth Circuit upheld the court's application of the two-point firearm enhancement on appeal by Martinez-Turcio's co-defendant, Manuel Antonio Pacheco-Licona ("Pacheco-Licona"), finding that "two handguns were found in the main residence in a bedroom that was adjacent to a study, where over 120 pounds of marijuana were found." Martinez-Turcio, 2012 WL 4054875, at *3. Martinez-Turcio, like Pacheco-Licona, lived in the main residence. Id. at *2. Further, "the proximity of guns to illicit narcotics can support a district court's enhancement of a defendant's sentence under [United States Sentencing Guidelines ("U.S.S.G.")] Section 2D1.1(b)(1)." United States v. Harris, 128 F.3d 850, 852 (4th Cir. 1997). Based on the foregoing, Martinez-Turcio fails to demonstrate that his counsel's performance was unreasonable or showed prejudice.

### 4. Effort to Negate Connection to Conspiracy at Trial

Although not clearly articulated, Martinez-Turcio appears to argue that his counsel should have "properly develop[ed] a record" and presented a witness to testify that certain

money seized by law enforcement officers was "payroll money" from a "construction company" and not "drug money." (Martinez-Turcio Mem. Supp. § 2255 Mot. 15, 21, ECF No. 525.) The decision of "which witnesses to call is a classic tactical decision left to counsel." United States v. Chapman, 593 F.3d 365, 369 (4th Cir. 2010) ("[T]he decision of which witnesses to call is quintessentially a matter of strategy for the trial attorney."). "Standing alone, unsuccessful trial tactics neither constitute prejudice nor definitively prove ineffective assistance of counsel." Bell v. Evatt, 72 F.3d 421, 429 (4th Cir. 1995). Courts "apply a strong presumption that a trial counsel's strategy and tactics fall within the wide range of reasonable professional assistance. For a lawyer's trial performance to be deficient, his errors must have been so serious that he was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." United States v. Roane, 378 F.3d 382, 404 (4th Cir. 2004) (internal citations and quotation marks omitted).

Martinez-Turcio alleges that he was "merely associated with the conspiracy members" and that his "attenuated" connection to the conspiracy could have been negated had his counsel "properly develop[ed] [the] record" and called a certain witness. (Martinez-Turcio Mem. Supp. § 2255 Mot. 15, 21, ECF No. 525.) Martinez-Turcio, however, does not identify any specific witness that his counsel should have called as a witness. In the instant case

> the government presented evidence that [Martinez-Turcio] lived at the main residence and had $5,000 in cash hidden under his bed; that [Martinez-Turcio] was present on two occasions when the van arrived at the main residence to unload marijuana; and that [Martinez-Turcio] and other co-defendants sold marijuana to the same buyer on multiple occasions.

Martinez-Turcio, 2012 WL 4054875, at *2. Further, the jury found Martinez-Turcio guilty beyond a reasonable doubt of conspiring to possess with intent to distribute 1,000 or more

kilograms of marijuana. (Jury Verdict 2, ECF No. 234.) Thus, Martinez-Turcio's connection to the conspiracy was far more substantial than attenuated. Based on the foregoing, Martinez-Turcio fails to demonstrate that his counsel's tactical decision of which witnesses to directly examine was unreasonable.

### 5. Constructive Denial of Counsel

Martinez-Turcio alleges that his "counsel did not present [his] claim effectively" on appeal. (Martinez-Turcio Mem. Supp. § 2255 Mot. 16, ECF No. 525.) Martinez-Turcio further contends that "[i]f [his] counsel had focused on the alternative conclusion that [he] might have been guilty of selling drugs [on his own], then the conspiracy inferences would have been rejected as unsustainable and the conviction reversed or the sentence[] lowered." (Id.)

"As numerous courts have noted, '[m]ere conclusory allegations in support of a claim of ineffective assistance of counsel are insufficient to raise a constitutional issue.'" Wagner v. United States, 377 F. Supp. 2d 505, 509 (D.S.C. 2005) (alteration in original) (quoting Green v. Johnson, 160 F.3d 1029, 1042 (5th Cir. 1998)). Martinez-Turcio simply alleges that his connection to the conspiracy could have been negated without providing any underlying factual support. See Raines v. United States, 423 F.2d 526, 531 (4th Cir. 1970) ("It is within the discretion of the district [court] to deny without a hearing Section 2255 motions which state only legal conclusions with no supporting factual allegations." (citations and internal quotation marks omitted)). Moreover, as previously discussed, the Fourth Circuit found that the Government provided ample evidence of Martinez-Turcio's participation in the conspiracy. Martinez-Turcio, 2012 WL 4054875, at *2. Thus, Martinez-Turcio fails to demonstrate that his counsel's actions were unreasonable or that he was prejudiced as a result.

### 6. Search of Vehicle

Martinez-Turcio argues that his counsel was ineffective for failing to argue the law of Arizona v. Gant, 556 U.S. 332 (2009). (Martinez-Turcio Mem. Supp. § 2255 Mot. 16-17, ECF No. 525.) The Supreme Court of the United States in Gant held that "[p]olice may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest." 556 U.S. at 351.

Although unclear, Martinez-Turcio appears to be arguing that the $5,000 in cash found hidden under his bed should have been suppressed. (Martinez-Turcio Mem. Supp. § 2255 Mot. 16, ECF No. 525.) However, the $5,000 was seized during a search conducted pursuant to a valid search warrant. See Martinez-Turcio, 2012 WL 4054875, at **1-2. Thus, Gant provided no basis for counsel to object to the search of the residence.

### 7. Counsel's Failure to File Petition for Writ of Certiorari

Martinez-Turcio argues that his counsel was ineffective because counsel failed to file a petition for writ of certiorari on the following two issues: 1) the definition of constructive possession, and 2) "the reasonableness of the Fourth Circuit's definition of coercion in the context on [sic] a non-english speaking person." (Martinez-Turcio Mem. Supp. § 2255 Mot. 17, ECF No. 525.)

The Supreme Court has held that a lawyer should be relieved "of the duty to file a petition for certiorari if the petition would present only frivolous claims." Austin v. United States, 513 U.S. 5, 8 (1994). Martinez-Turcio's counsel affirmed that she believed "there was no basis" to file a petition for writ of certiorari. (Gov't Resp. Ex. 1 (Salvini Aff. ¶ 10), ECF

No. 560-1.) Further, Martinez-Turcio does not allege that he requested his counsel to file a petition for writ of certiorari for either claim. Unless a defendant specifically requests his counsel "in writing" to file a petition for writ of certiorari, it is not incumbent upon defendant's counsel to do so. See Carter v. United States, Nos. 3:09cv14, 3:05cr82, 2010 WL 3619252 at *4 (W.D.N.C. Sept. 10, 2010) (unpublished) (quoting Fourth Circuit CJA Plan, § V, ¶ 2).

Further on appeal, the Fourth Circuit held that "'[c]onstructive possession may be proved by demonstrating that the defendant exercised, or had the power to exercise, dominion and control over the item.'" Martinez-Turcio, 2012 WL 4054875, at *2 (quoting United States v. Burgos, 94 F.3d 849, 873 (4th Cir. 1996)). As mentioned, the Government presented evidence that Martinez-Turcio had $5,000 in cash under his bed. Id. Moreover, it is unclear from Martinez-Turcio's allegations in what regards "coercion in the context on [sic] a non-english speaking person" applies to the instant motion.[3] Therefore, Martinez-Turcio fails to demonstrate that his counsel acted unreasonably.

### 8. Government's Use of a GPS Tracking Device

Martinez-Turcio argues that his counsel was ineffective for failing to object to the Government's use of a GPS tracking device. (Martinez-Turcio Mem. Supp. § 2255 Mot. 19, ECF No. 525.) Martinez-Turcio, however, does not allege that he owned or possessed the

---

[3]To the extent Martinez-Turcio argues that the consent given to law enforcement officials by his co-defendant, Javier Alex Martinez-Turcio, to search a white Chevrolet Avalanche on January 27, 2009, was involuntary, the Fourth Circuit held that the search was lawful as the consent was indeed voluntary and that the court "did not err in admitting the money seized from th[e] traffic stop." Martinez-Turcio, 2012 WL 4054875, at *7. Moreover, Martinez-Turcio was not a passenger in the vehicle. (Trial Tr. 100-105, ECF No. 485). Thus, Martinez-Turcio has no property or possessory interest in the vehicle. See United States v. Carter, 300 F.3d 415, 421 (4th Cir. 2002) (A person "has no legitimate expectation of privacy in an automobile in which he asserts neither a property interest nor a possessory interest . . . .").

vehicle on which the GPS device was placed. Further, Martinez-Turcio "fails to direct the court to any place in the record suggesting that he had some legitimate expectation of privacy in the [vehicle]. He, therefore, has no privacy interest in the [vehicle] and lacks standing to challenge the search."[4] Martinez-Turcio, 2012 WL 4054875, at *9. Based on the foregoing, Martinez-Turcio's counsel had no basis to object to the use of the GPS tracking device.

### 9. Government's Use of Camera Surveillance at Residence

Martinez-Turcio argues that his counsel was ineffective for failing to object "to the use of warrantless camera surveillance evidence." (Martinez-Turcio Mem. Supp. § 2255 Mot. 20, ECF No. 525.) Martinez-Turcio did not specify the extent of the camera surveillance or the exact areas under surveillance in the instant motion. Martinez-Turcio additionally does not allege that surveillance was taken inside of the residence where he was living. After the Government utilized GPS data to track two residences used by the organization,

> [t]he [Drug Enforcement Administration ("DEA")] then conducted physical surveillance of the two properties, which included mounting a stationary video camera outside of one of the residences (the "main residence"). Upon viewing days of video recorded from the mounted camera, Agent Rajaee noticed that a van arrived at the main residence every few days and parked behind the main residence in a manner that concealed it from street view. Agent Rajaee also noticed that the van's arrival at the main residence always coincided with the arrival of several people. On a subsequent occasion in which the van arrived at the main residence, from a vantage point in the woods behind the residence, Agent Rajaee observed several people form a human chain between the van and the residence and unload multiple sacks from the van into the residence. To confirm his suspicions, Agent Rajaee, on November 4, 2009, purchased half a pound of marijuana from three members of the organization who pled guilty prior to trial.

---

[4]On appeal, the Fourth Circuit held that Martinez-Turcio's co-defendant, Luis Gerardo Pacheco-Licona ("Luis Gerardo"), did not have standing to challenge the search. Martinez-Turcio, 2012 WL 4054875, at *9. Luis Gerardo, like Martinez-Turcio, did not allege to own or operate the vehicle.

Martinez-Turcio, 2012 WL 4054875, at *1. "That the area [under surveillance] is within the curtilage [of a residence] does not itself bar police observation." California v. Ciraolo, 476 U.S. 207, 213 (1986). Further, "the mere fact that an individual has taken measures to restrict some views of his activities [does not] preclude an officer's observations from a public vantage point where he has a right to be and which renders the activities clearly visible." Id. The law enforcement officers in the instant case did not conduct surveillance which intruded into the privacy of the residence, and the activities of Martinez-Turcio and his co-defendants were clearly visible from a public vantage point. Thus, there was no basis for Martinez-Turcio's counsel to argue that the surveillance was unlawful.

      Based on the foregoing, Martinez-Turcio's claims of ineffective of assistance fail because he is unable to demonstrate that his counsel's efforts were unreasonable or that he was prejudiced as a result.

It is therefore

**ORDERED** that the Government's motion for summary judgment, docket number 561, is granted. It is further

**ORDERED** that Martinez-Turcio's § 2255 motion, docket number 525, is dismissed. It is further

**ORDERED** that a certificate of appealability is denied because Martinez-Turcio has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
August 30, 2013

### NOTICE OF RIGHT TO APPEAL

The Movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.